LAWRENCE *et al. v.* CHURCH.

(*Supreme Court, General Term, Fifth Department.* June 20, 1890.)

**1. APPEAL—REVIEW.**

Where defendant demurs to a complaint on four different grounds, and the issues raised are separately determined, the demurrer being sustained as to some of the grounds, and overruled as to others, the failure of the defendant to take an appeal from that part of the judgment adverse to him precludes him from objecting thereto on appeal from the final judgment.

**2. CONTRACTS—INTERPRETATION.**

Where defendant agrees with the executors of an estate to pay all debts "allowed or legally established against the estate," he is bound for all claims properly presented, and verified and allowed by the executors in good faith.

**3. SAME—EVIDENCE.**

The agreement provided that defendant should have the benefit of the proceeds of certain notes and mortgage belonging to the estate, if any, after paying the expenses and commissions proper in collecting the mortgage, and settling and administering the estate. *Held,* in an action against defendant to recover an amount alleged to be due from him under the agreement after crediting to him the proceeds of the mortgage to which he was entitled, that a decree of the surrogate rendered after the commencement of the action was not admissible to show the costs of collecting the mortgage, and the expenses and commissions of plaintiffs in settling the estate.

Appeal from judgment on report of referee.

Action by Roxanna H. Lawrence as executrix, and George Sherman as executor, of the will of Judson W. Sherman, deceased, against Walter S. Church. Judgment was given for plaintiffs, and defendant appeals.

Argued before DWIGHT, P. J., and MACOMBER and CORLETT, JJ.

*F. A. Robbins,* for appellant.    *J. H. Stevens, Jr.,* for respondents.

DWIGHT, P. J.   In September, 1882, an action was begun by the same plaintiffs against the same defendant on several promissory notes given by the latter to the plaintiff's testator in his life-time, amounting in the aggregate to upwards of $12,000, with an allegation of certain payments from time to time to apply thereon.   The answer pleaded the statute of limitations, denied the allegation of partial payments, and set up a counter-claim, to which the plaintiffs replied.   On the 4th day of January, 1884, the action above mentioned being pending and at issue, as above, the parties thereto entered into a written agreement, of which the following is a copy, and of which a duplicate was signed by George and William Sherman, named therein:

"SUPREME COURT."

"*Roxanna H. Lawrence as executrix, George Sherman as executor, of the last will and testament of Judson W. Sherman, dec'd,* v. *Walter S. Church.*

"Stipulated, that Walter S. Church will pay all the debts allowed or legally established against the estate of said deceased, including the mortgage and liens on the real estate of said deceased at the time of the death of the said deceased.   That said Walter S. Church, defendant as aforesaid, will pay to Roxanna Lawrence aforesaid the sum of three thousand dollars, in such manner as will be acceptable to her.   That said Walter S. Church shall have the benefit of the Thomas J. Chew, Jr., notes and mortgage now belonging to the estate, or the proceeds thereof, if any, after paying the expenses and commissions such as are legal and proper in collecting said mortgage, and settling and administering upon the estate.   The said Roxanna Lawrence to have the use during her natural life of the house and lot where she lives, according to the will.   She to release to George and William Sherman her life-estate in the vacant lot, and said George and William to have the said house and lot subject to the life-estate of said Roxanna.   When this is all done, this action to be discontinued, and the notes surrendered.

[Signed]                                    "W. S. CHURCH.
                                            "ROXANNA H. LAWRENCE,
                              "Administratrix of J. W. Sherman's Estate.

"Witness: JAMES LOCKHART.
"*Jan. 4th,* 1884."

The will of Judson W. Sherman, mentioned in the agreement, gave to Roxanna H. Lawrence the sum of $5,000, all the household furniture and property, and a life-estate in all his real estate in the town of Angelica,—including, presumably, the house and lot, and the vacant lot, mentioned in the agreement,—and gave all the rest and remainder of his property to George and William Sherman.   There having been no performance, or offer of performance, of the foregoing agreement, on the part of the defendant, the plaintiffs in August, 1887, commenced this action, joining with them the plaintiff Mrs. Lawrence individually.   The complaint alleged, in addition to the facts above stated, the further fact that the amount realized on the Chew notes and mortgage, which was alleged to be the sum of $2,902.20, was less by several hundred dollars than the amount of the debts of the estate allowed and paid by them, and the costs and expenses of collecting said mortgage and of administration, and demanded judgment against the defendant for such deficiency, in addition to the $3,000 stipulated to be paid to the plaintiff Lawrence.   To this complaint the defendant demurred on four grounds, of which the first was that the complaint did not state facts sufficient to constitute a cause of action, and the last that there was a misjoinder of parties plaintiff.   The issues of law thus joined were tried at special term, and it was held and found (1) that the complaint did state facts sufficient to constitute a cause of action; and (4) that there was a misjoinder of parties plaintiff by the joinder of Mrs. Lawrence, individually, as such party,—and accordingly the de-

murrer was overruled as to the first, and sustained as to the last, ground, and judgment was ordered for the defendant thereon, but with leave to the plaintiffs to amend, and an interlocutory judgment was entered accordingly. The plaintiffs-thereupon amended by striking out the name of Mrs. Lawrence as a plaintiff individually; and the action continued and was tried upon a complaint the same in all other respects as that to which the demurrer was interposed. The answer of the defendant denied none of the facts alleged in the complaint, except for want of knowledge or information as to whether the moneys realized on the Chew notes and mortgage had been expended in payment of debts allowed or legally established against the estate, or for the expenses of administration, and as to whether any such debts had been so allowed or established, with certain exceptions specified. On the trial the plaintiffs made proof of debts of the estate allowed and paid by them to the amount of $2,401.45. They were also permitted to introduce in evidence, against the defendant's objection and exception, the decree of the surrogate made in February, 1889, on the judicial settlement of the accounts of the plaintiffs as executors, which allowed the payments above mentioned, and also settled and allowed the costs and expenses of collecting the Chew notes and mortgage, and of the administration and settlement of the estate, including commissions to the plaintiffs, and expenses incurred after the commencement of this action, at the sum of $950.24. From these figures the referee obtained a balance of $449.49 as the deficiency in the amount realized on the Chew mortgage to pay the amount of debts and expenses paid by the plaintiffs in settling the estate; and for the amount of such deficiency, together with the $3,000 stipulated to be paid to Mrs. Lawrence, with interest, judgment was ordered and entered for the plaintiffs.

We regard the main question in this case as determined by the judgment on the demurrer, viz., whether the plaintiffs had a cause of action against the defendant on the contract set out in the complaint, and admitted by the answer. The case was not one in which the defendant was precluded from appealing from the judgment because it was in his favor. Four distinct issues of law were raised by the demurrer, which were separately determined by the findings and judgment of the special term. It was adjudged that the complaint did state facts sufficient to constitute a cause of action in favor of the present plaintiffs. From that branch of the judgment the defendant was at liberty to appeal; and, not having done so, he is not at liberty again to raise the question in this action.

We are of opinion, also, that competent proof was made of the amount of debts allowed against the estate, and to the payment of which the avails of the Chew mortgage were applicable under the contract between the parties. The language of the contract in this respect is, "all the debts allowed or legally established against the estate of the deceased." This language does not seem to call for a judicial allowance of the claims before the plaintiffs would be authorized to pay them, unless they were such as the plaintiffs themselves refused to allow. All the claims paid in this case were presented and verified in due form. There is no charge or suggestion of bad faith on the part of the plaintiffs in allowing them, and we observe from the record that many of them were compromised at a figure much below the amount at which they were verified.

But there is another feature of the case, which presents much more difficulty. The effect of the report of the referee and the judgment is to charge the defendant, as against the amount realized on the Chew mortgage, with the sum of $950.24 for the costs and expenses of the collection of that mortgage, and the expenses and commissions of the plaintiffs in settling and administering the estate. No evidence was given on this branch of the case except by the decree of the surrogate rendered on the 23d day of February, 1889, whereas this action was commenced on the 26th day of August, 1887.

Moreover, the amount so allowed embraced a considerable sum for costs and expenses incurred since the commencement of the action, including the costs of the demurrer, and a counsel fee of $100 in this action itself. The admission of the decree in evidence was duly objected to by the defendant on the ground, among others, that it was granted since the commencement of the action; and that objection, we think, should have been sustained. Conceding that the decree would have been competent evidence against the defendant if it had been rendered before the commencement of the action, the plaintiffs were not entitled to recover the amounts ascertained and allowed by that decree after the action was commenced. So far as those sums became a charge against the defendant by virtue of the decree, the latter must be declared upon either by original or supplemental complaint. Code Civil Proc. § 544. Whether any and what part of these charges might have been established in this action by proof independent of the surrogate's decree, we do not feel called upon to consider. No such proof was given or offered in respect to any portion of the $950.24 allowed by the surrogate for the expenses of the collection of the Chew mortgage, and of administration. We see no way of sustaining the judgment as to that portion of the recovery, and we think the judgment must be reversed, and a new trial granted, unless the plaintiffs see fit to reduce the judgment by the amount named. Judgment reversed, and a new trial granted before another referee, with costs to abide the event, unless the plaintiffs, within 10 days after service of a copy of the order herein, consent to deduct from the amount of the judgment as entered the sum of $950.24, with interest thereon from the 23d day of February, 1889, without prejudice to a future action to recover the same, in which case the judgment as so modified is affirmed, without costs of this appeal to either party. All concur.